UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
ROCK ISLAND DIVISION

| | |
|---|---|
| BARBARA MCCOWAN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 07-cv-04039 |
| ) | |
| MICHAEL J. ASTRUE, Commissioner of ) | |
| Social Security, ) | |
| ) | |
| Defendant. ) | |

## O P I N I O N & O R D E R

Before the Court is Plaintiff's Motion (Doc. 17), filed on November 20, 2008, seeking reimbursement for reasonable attorney's fees pursuant to the Equal Access to Justice Act (EAJA). 28 U.S.C. § 2412(d). On December 8, 2008, Defendant filed a Response in Opposition to Plaintiff's Motion (Doc. 19). Plaintiff filed a Reply on January 9, 2009 (Doc. 23). For the reasons set forth, Plaintiff's Motion is GRANTED.

### BACKGROUND

On January 11, 2008, Plaintiff Barbara McCowan filed a motion for summary judgment contending that the Administrative Law Judge (ALJ) committed reversible error in denying her disability benefits. (Doc. 8). On September 25, 2008, this Court granted Plaintiff's motion in part and denied it in part, remanding the case to the Commissioner. (Doc. 15). The Court found that the ALJ failed to consider all of the medical evidence, omitting discussion on Plaintiff's documented conditions of migraine headaches and arthritis. (Doc. 15 at p. 13). Though the Court did not

1

speculate that these symptoms would entitle Plaintiff to disability benefits, the case was remanded to see how the conditions would affect Plaintiff's Residual Functional Capacity and the ALJ's conclusion that the Plaintiff could perform light work. (Doc. 15 at p. 14).

## DISCUSSION

The EAJA provides that a district court may award attorney's fees where (1) the claimant was a "prevailing party;" (2) the government's position was not "substantially justified;" (3) no special circumstances make an award unjust, and (4) the claimant filed a timely and complete application with the district court. 28 U.S.C. § 2412(d)(1)(A); *Stewart v. Astrue*, 561 F.3d 679, 683 (7th Cir. 2009); *Tchemkou v. Mukasey,* 517 F.3d 506, 509 (7th Cir. 2008); *Krecioch v. United States,* 316 F.3d 684, 687 (7th Cir. 2003). The Commissioner disputes only that the second prong is satisfied. A position taken by the Commissioner is substantially justified if "it has a reasonable basis in fact and law, and if there is a reasonable connection between the facts and the legal theory." *Stewart,* 561 F.3d at 683 (citing *Pierce v. Underwood,* 487 U.S. 552, 565 (1988)). The Commissioner bears the burden of proving that both his pre-litigation conduct, including the ALJ's decision itself, and his litigation position were substantially justified. *Golembiewski v. Barnhart,* 382 F.3d 721, 724 (7th Cir. 2004). Plaintiff contends that in the instant case, the Commissioner failed to satisfy his burden in both situations. The Court will discuss the Commissioner's pre-litigation conduct and litigation position in turn.

2

### A. Pre-Litigation Conduct

A decision by an ALJ constitutes part of the agency's pre-litigation conduct. *Id.* (citing *Sutton v. Chater,* 944 F.Supp. 638, 639 (N.D. Ill. 1996). Plaintiff argues that because the ALJ's decision ignored entire lines of evidence, it also lacked substantial justification. (Doc. 23 at p. 4). The Court agrees.

The ALJ is required to "sufficiently articulate his assessment of the evidence to 'assure us that the ALJ considered the important evidence . . . [and to enable] us to trace the path of the ALJ's reasoning.'" *Carlson v. Shalala*, 999 F.2d 180, 181 (7th Cir. 1993) (quoting *Stephens v. Heckler*, 766 F.2d 284, 287 (7th Cir. 1985)). Moreover, the ALJ must "consider the *aggregate* effect of [an] entire constellation of ailments-including those impairments that in isolation are not severe." *Golembiewski v. Barnhart*, 322 F.3d 912, 918 (7th Cir. 2003) (emphasis in original)[1].

In *Golembiewski*, the Seventh Circuit found that the District Court abused its discretion in refusing attorney's fees to the plaintiff when "the ALJ and Commissioner violated clear and long judicial precedent and… [the] Commissioner's own Ruling and Regulations. *Id.*, 382 F.3d at 724. The Court reasoned that the ALJ's position could not have been substantially justified if he "improperly ignored three distinct lines of evidence" that supported the plaintiff's claim. *Id.* at 724-25. The Seventh Circuit found a similar abuse of discretion in *Stewart v. Astrue*, stating

---

[1] Note there are two *Golembiewski* decisions. The decision referenced here was on the merits, while the decision referenced earlier in the opinion, 382 F.3d 721, regarded the EAJA.

3

substantial justification did not exist "because the ALJ contravened longstanding agency regulations, as well as judicial precedent." 561 F.3d 679, 684 (7th Cir. 2009).

The situation in the instant case is similar. As the Court noted in its opinion, the ALJ failed to mention how Plaintiff's migraine headaches and arthritis would hinder her ability to work. (Doc. 15 at p. 13). Plaintiff notes that the record was replete with diagnoses and complaints of migraine headaches, and cites over twenty such examples. (Doc. 23 at p. 4). This sheer volume of evidence reveals that the ALJ simply ignored entire lines of evidence. Moreover, Plaintiff points out that SSR 96-8p requires the ALJ to "consider limitations and restrictions imposed by all of an individual's impairments, even those that are not severe." Therefore, the ALJ not only ignored case law, he failed to comply with Agency regulations. Just as in *Golembiewski* and *Stewart*, such conduct does not support the Commissioner's argument that the ALJ's decision was substantially justified in law and in fact. 382 F.3d 721; 561 F.3d 679.

In sum, the ALJ ignored long-established precedent and the Commissioner's own regulations by failing to mention evidence that could have undermined his decision. The ALJ's conduct is further aggravated by the sheer volume of evidence on the record attributed to each symptom. Accordingly, the Commissioner's pre-litigation conduct was not substantially justified.

### B. Litigation Position

Plaintiff further argues that because the Commissioner's argument was not based on facts and theories relied on by the ALJ, his litigation position had no reasonable basis in law. (Doc. 23 at p. 3). The Court agrees.

In *Golembiewski*, the Seventh Circuit found the District Court judge abused his discretion in denying an award of attorney's fees, stating the Commissioner "had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ." 382 F.3d at 724. The Court further opined that "general principles of administrative law preclude the Commissioner's lawyers from advancing grounds in support of the agency's decision that were not given by the ALJ.... So the Commissioner's effort to pinpoint parts of the ALJ's decision that support the credibility finding is unhelpful." *Id.* Alternatively stated, ALJ findings cannot be "implied from the record… the ALJ must *specify* the reasons for his finding." *Golembiewski*, 322 F.3d at 916 (emphasis in original).

In the instant case, the Commissioner compounded the pre-litigation errors by relying on facts and theories not put forth by the ALJ. The Commissioner attempted to explain the ALJ's omissions as harmless error, noting that Plaintiff's hand surgery was performed in 1992 and 1994, while she was still working, and that Plaintiff has coped with migraine headaches since she was a teenager. (Doc. 15 at p. 13) (citing Tr. 219). The Commissioner further argued that the record does not reveal how these conditions would change the RFC findings. (Doc. 15 at p. 13). Though there may be truth to Commissioner's arguments, the ALJ never mentioned

these facts and theories anywhere in his opinion. As previously stated, longstanding precedent indicates that the ALJ must articulate reasons for discounting evidence in the first instance. *Carlson v. Shalala*, 999 F.2d at 181. The Commissioner could not, in hindsight, imply these arguments based on the record; therefore, the Commissioner's arguments "had no reasonable basis in law because her argument was based upon facts not relied upon by the ALJ." *Golembiewski*, 382 F.3d at 724.

In sum, the ALJ's decision, and therefore the Commissioner's pre-litigation conduct, failed to consider all available medical evidence and did not adhere to precedent and the Commissioner's own regulations. Accordingly, the Commissioner's pre-litigation conduct was not substantially justified. Though more is not needed to justify an award of attorney's fees, the Court nonetheless finds that the Commissioner's litigation position lacked a reasonable basis in law, as the arguments advanced before this Court were not relied upon by the ALJ in his decision. Therefore, it follows that the Commissioner's litigation position also was not substantially justified. Judicial efficiency dictates that "it would have been better for the Commissioner to have acknowledged the ALJ's deficient decision and sent the case back to the ALJ to make a credibility determination rather than to prolong the case." *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006).

## CONCLUSION

For the reasons set out above, Plaintiff's Motion for reimbursement of reasonable attorney's fees (Doc. 17) is GRANTED. Pursuant to *Astrue v. Ratliff*, ___ U.S.___, 130 S.Ct. 2521 (2010), Defendant is hereby ORDERED to pay to Plaintiff, Barbara McCowan, directly, the amount of $8,604.90. The government shall determine, forthwith, whether any part of that amount should be withheld pursuant to 31 U.S.C. §§ 3711 and 3716, which allows for the collection of a federal debt from the amount to be awarded to Plaintiff. The Clerk shall enter an amended judgment accordingly.


ENTERED this 27th day of July 2010.


                                        s/ Joe B. McDade
                                        JOE BILLY MCDADE
                                        United States Senior District Judge